Benjamin K. Riley, State Bar No. 112007
briley@bzbm.com
Jayne Laiprasert, State Bar No. 256930
jlaiprasert@bzbm.com
**BARTKO, ZANKEL, BUNZEL & MILLER**
One Embarcadero Center, Suite 800
San Francisco, California  94111
Telephone:  (415) 956-1900
Facsimile:  (415) 956-1152

Attorneys for Plaintiff
MIMEDX GROUP, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIMEDX GROUP, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>MAD RIVER COMMUNITY HOSPITAL,<br><br>    Defendant. | No. _____<br><br>**COMPLAINT FOR DAMAGES:**<br>**(1)  BREACH OF CONTRACT;**<br>**(2)  COMMON COUNT; AND**<br>**(3)  QUANTUM MERUIT** |

      Plaintiff MiMedx Group, Inc. ("MiMedx") complains of Defendant Mad River Community Hospital ("Mad River") and alleges as follows:

**PARTIES**

      1.      MiMedx is, and all times mentioned herein was, a corporation organized under the laws of the State of Florida with its principal place of business in Marietta, Georgia.

      2.      MiMedx is registered to do business in the State of California.

      3.      On information and belief, Defendant Mad River Community Hospital ("Mad River") is, and at all times herein mentioned was, a California corporation, with its principal place of business in Arcata, California.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. Venue in this case is based on 28 U.S.C. § 1391 in that part of the conduct of Mad River occurred in Humboldt County, and Mad River has its principal place of business in Humboldt County.

6. This Court has personal jurisdiction over Defendant Mad River because it conducts business regularly in California, and has committed acts within the State of California causing injury to MiMedx.

## GENERAL ALLEGATIONS

7. MiMedx develops and sells patent protected and proprietary regenerative biomaterial products and bioimplants processed from human amniotic membrane and other tissues. MiMedx's biomaterial platform technologies include EpiFix®, AmnioFix®, and Physio™, among others. These products are utilized in a variety of medical applications, including the wound care, burn, surgical, orthopedic, spine, sports medicine, ophthalmic and dental healthcare sectors.

8. Mad River is a community hospital located in Arcata, California.

9. In or about March 2013, Mad River began purchasing EpiFix® and AmnioFix® products from MiMedx for use in its medical facilities. The purchases at issue in this matter were issued on MiMedx's standard invoice form. A representative copy of MiMedx's standard invoice form ("MiMedx Invoice") is attached hereto, marked as "Exhibit 1," and the terms of these invoices are incorporated herein.

10. MiMedx Invoice forms incorporate MiMedx's Terms and Conditions of Sale, a copy of which is attached hereto as "Exhibit 2."

11. Pursuant to the incorporated terms of the MiMedx Invoice form, in purchasing MiMedx products, Mad River "agree[d] to purchase and accept MiMedx Products in accordance with these terms and conditions." (Ex. 2, Preamble.)

12. The incorporated payment terms further provide that "Payment terms are net thirty (30) days from the date of shipment. Any unpaid balance as of the expiration of such 30 days shall bear interest at the rate of 1.5% per month, or, if lower, the highest rate allowed by applicable law." (Ex. 2, ¶ 3).

13. Beginning in or around November 2014, Mad River stopped paying for the EpiFix® and AmnioFix® product it was ordering.

14. Mad River continued ordering and receiving products from MiMedx through March 2015, but never paid MiMedx after November 2014. A true and correct copy of a chart listing the unpaid invoices is attached hereto as "Exhibit 3."

15. MiMedx duly and fully performed all obligations required of it under the MiMedx Invoices, except to the extent that any such obligation was excused by the conduct of Mad River.

16. As a result of MiMedx's provision of EpiFix® and AmnioFix® products, Mad River owes MiMedx $240,062. Mad River continues to owe this amount to MiMedx for goods provided, but has refused to pay it despite demand therefor.

**FIRST CAUSE OF ACTION**
**(BREACH OF CONTRACT)**

17. MiMedx realleges and incorporates herein by reference paragraphs 1 through 16, inclusive, of this Complaint.

18. Despite demand therefor, Mad River has refused and continues to refuse to pay the agreed-upon price for purchased MiMedx products to MiMedx.

19. The refusal by Mad River to pay MiMedx the agreed-upon price for purchased products constitutes a material breach of the contracts.

20. As a result thereof, MiMedx has been damaged in the amount of $240,062, plus such additional amounts according to proof at trial, together with prejudgment interest.

21. Under the incorporated terms of the MiMedx Invoices, MiMedx is also entitled to recover all attorneys' fees and other costs incurred in connection with this Action. (Ex. 2, ¶ 9.)

## SECOND CAUSE OF ACTION
### (COMMON COUNT)

22. MiMedx realleges and incorporates herein by reference paragraphs 1 through 21, inclusive, of this Complaint.

23. Mad River has become indebted to MiMedx for valuable goods provided for the benefit of Mad River in the amount of $240,062, plus such additional amounts according to proof at trial. Despite demand therefore, this sum has not been paid, and it is due and owing, together with prejudgment legal interest.

## THIRD CAUSE OF ACTION
### (QUANTUM MERUIT)

24. MiMedx realleges and incorporates herein by reference paragraphs 1 through 23, inclusive, of this Complaint.

25. MiMedx provided valuable goods to and for the benefit of Mad River at its request and for which Mad River promised to pay MiMedx. The reasonable value of these products is $240,062, plus such additional amounts according to proof at trial. Despite demand thereon, no portion of this sum has been paid, and it is now due and owing, together with prejudgment legal interest.

//
//
//
//
//
//
//
//
//
//
//

2541.000/987210.2

COMPLAINT FOR DAMAGES

# PRAYER

**WHEREFORE**, MiMedx prays for entry of judgment in its favor as follows:

1. Compensatory damages of $240,062, plus such additional amounts according to proof at trial;

2. Prejudgment legal interest on all compensatory damages accrued at 1.5% per month through the entry of judgment;

3. Attorneys' fees;

4. Costs of suit; and

5. Such other relief as the Court deems just and proper.

DATED: April 18, 2016

**BARTKO, ZANKEL, BUNZEL & MILLER**

By: _/s/ Jayne Laiprasert_
Jayne Laiprasert
Attorneys for Plaintiff
MIMEDX GROUP, INC.